UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-81571-BER

DARREN J. BROWN,

Plaintiff,

v.

BRIGHTLINE TRAINS FLORIDA LLC, *et al*,

Defendants.

_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS [ECF No. 11]**

On December 16, 2025, *pro se* Plaintiff Darren J. Brown filed a Complaint against Brightline Trains Florida LLC ("Brightline") and Fortress Investment Group LLC (together, "Defendants") alleging claims under the Federal Employers' Liability Act ("FELA") for General Negligence (Count I), Emotional Distress (Count II), Negligence Per Se (Count III), and Negligent Supervision and Retaliatory Culture (Count IV), and Declaratory Relief (Count VII); and the Family Medical Leave Act for Interference (Count V) and Retaliation (Count VI). ECF No. 1 at 1, 38-42. In response, Defendants filed a Motion to Dismiss ("Motion") (ECF No. 11) and Mr. Brown filed a Response (ECF No. 21).

I have reviewed the Complaint (ECF No. 1), Defendants' Motion (ECF No. 11), Mr. Brown's Response (ECF No. 21), and Mr. Brown's Notice of Supplemental

Authority (ECF No. 28). This matter is ripe for decision. For the reasons stated below, I **GRANT** the Motion. Mr. Brown shall have until May 7, 2026 to file his Motion for Leave to Amend with a proposed Amended Complaint as explained below.

## I.      LEGAL BACKGROUND

### A. *Subject Matter Jurisdiction*

"Subject matter jurisdiction is the court's 'statutory or constitutional power to adjudicate the case.'" *Parsons v. Regna*, 847 F.App'x 766, 770 n.8 (11th Cir. 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

A court must resolve any "jurisdictional issues before considering whether a claim was stated by the complaint." *Madara v. Hall*, 916 F.2d 1510, 1514 n.1 (11th Cir. 1990) (citation omitted). Still, the party bringing a lawsuit in federal court bears the burden to prove that subject matter jurisdiction exists. *King v. Cessna Aircraft Co.*, 505 F. 3d 1160, 1171 (11th Cir. 2007) (citation omitted). "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

At the motion to dismiss stage, a party can bring about two different kinds of challenges to subject matter jurisdiction: factual and facial. *Lawrence v. United States*, 597 F.App'x. 599, 601 (11th Cir. 2015). "A facial attack challenges whether the

2

complaint itself has sufficiently alleged subject-matter jurisdiction." *Id.* A factual challenge to subject matter jurisdiction "challenges the existence of subject matter jurisdiction in fact, looking to matters outside of the pleadings." *Id.* at 602 (11th Cir. 2015). "[T]he district court [is] entitled to make jurisdictional factual findings at the motion-to-dismiss stage." *Reed v. Friedman*, 859 F.App'x 498, 499 (11th Cir. 2021).

B. *FELA*

FELA is "a federal statute that imposes liability on railroad common carriers for any employee's injury caused by the carrier's negligence." *Swoope v. CSX Transp., Inc.*, 666 F.App'x 820, 822 (11th Cir. 2016). It "'is a statutory mechanism designed to give injured railroad employees a federal right to sue "in commerce" railroad employers for what would otherwise be a common law action for negligently inflicted tortious damages.'" *Welby v. Consolidated Rail Corp.*, 671 F.Supp. 1015, 1020 (M.D. Pa. Feb. 27, 2015) (citation omitted).

In relevant part, the FELA creates tort liability for common carriers "engaging in commerce between [jurisdictions]:"

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee

45 U.S.C. § 51.

"The term 'common carrier by railroad' has been defined to mean 'one who

operates a railroad as a means of carrying for the public, -- that is to say, a railroad company acting as a common carrier.'" *Willard v. Fairfield S. Co.*, 472 F.3d 817, 820 (11th Cir. 2006) (citing *Edwards v. Pac. Fruit Express Co.*, 390 U.S. 538, 540 (1968)).

"It is the plaintiff's burden to show that the defendant is a common carrier, and the plaintiff 'therefore must present affirmative evidence indicating such.'" *Id.* (quoting *Mickler v. Nimishillen and Tuscarawas Ty. Co.*, 13 F.3d 184, 189 n.3 (6th Cir. 1993)).

C. *Shotgun Pleading*

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Complaints that violate Rule 8(a)(2) are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015) (ruling that shotgun pleadings are "altogether unacceptable"). Shotgun pleadings violate Rule 8(a)(2), by "fail[ing] to one degree or another . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.") *Id.* at 1323. The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that [is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the [complaint that] assert[s] multiple claims against

> multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23.

D. *Amending a Complaint*

Under Federal Rule of Civil Procedure 15, when a party may no longer amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

When analyzing a request to file an amended complaint, "the proper method to request leave to amend is through filing a motion, and such motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F.App'x. 657, 665 (11th Cir. 2015). "The substance of the proposed amendment serves as the functional equivalent of a copy of the proposed amendment if it is sufficient on its face to inform the Court of the proposal." *Newton v. Duke Energy Fla.*, 895 F.3d 1270, 1277-78 (11th Cir. 2018). "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)). As a result, "[i]t has long been established in this Circuit that a district court does not abuse its discretion by denying a general and cursory request for leave to amend contained in an opposition brief." *Davidson v. Maraj*, 609 F.App'x. 994, 1002 (11th Cir. 2015).

For a *pro se* plaintiff, these "'pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). Additionally, "a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where "a more carefully drafted complaint might state a claim." *Silberman v. Mia. Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (brackets omitted) (quoting *Woldeab v. Dekalb Cnty. Bd. Of Educ.*, 885 F.3d 1289, 1290-91 (11th Cir. 2018)). Still, an "'extra dose of grace" is '*not* warranted' if amendment would be futile." *Toussaint v. United States Att'ys Off.*, No. 24-10116, 2025 WL 2237376, at *5 (11th Cir. Aug. 6, 2025) (citing *Silberman*, 927 F.3d at 1133).

## II.   ANALYSIS

### A. *Subject Matter Jurisdiction*

Defendants argue that they are making a factual challenge to subject matter jurisdiction. ECF No. 11 at 2. They say that subject matter jurisdiction does not exist under federal question jurisdiction because (1) Brightline "is not a railroad for FELA purposes," but instead is an exempt "urban rapid transit system" and (2) liability under FELA only exists for "common carriers by railroad engaged in interstate commerce," which does not include Brightline. *Id.* at 2-3. Mr. Brown responds that subject matter jurisdiction exists because (1) FELA covers Brightline's operations based on its public and federal regulations operating on "shared infrastructure," (2) it "is not exempt from FELA under" the narrow transit exception, and (3) the Surface Transportation Board's decision is outdated because it was based on pre-operational

6

plans and does not reflect brightline's current operations. ECF Nos. 1, 14. Mr. Brown supplements his argument with a March 30, 2026 Opinion from the Southern District of Florida. ECF No. 28-1.

While Defendants use the phrase "subject matter jurisdiction," Defendants are not raising a challenge to the Court's power to adjudicate the case. Instead, the parties are arguing whether Mr. Brown's claim is governed by FELA.

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case. See generally 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, p. 196, n. 8 and cases cited (2d ed.1990). As we stated in *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), "[j]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Rather, the district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another," *id.,* at 685, 66 S.Ct., at 777, unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

*Steel Co.*, 523 U.S. at 89. Therefore, I find Defendants' argument is based on the merits of the FELA claims, which is not an issue of subject matter jurisdiction.

   B. *Shotgun Pleading*

Defendants say that the Complaint is a shotgun pleading because it (1) "mix[es] irrelevant facts and legal theories," (2) incorporates preceding counts into new counts, and (3) "fail[s] to distinguish which claims are brought against each defendant." ECF No. 11 at 3-4.

7

Here, Mr. Brown filed a Complaint that is almost fifty pages long[1] and attached exhibits that make the filing over two hundred pages.[2] *See* ECF Nos. 1, 1-1, 1-2. The Complaint begins referencing the causes of action on page thirty-eight and makes references to seemingly irrelevant information, such as other lawsuits against Brightline. ECF No. 1 at 31-34, 38-42. Examples of the Complaint's attachments include Mr. Brown's resume and a Letter of Intent for him to resume employment after COVID-19. ECF No. 1-1 at 2-4.

Further, Mr. Brown says that he "re-alleges all prior paragraphs" on every cause of action, except Count I for General Negligence under FELA. ECF No. 1 at 38. Count I also says under its heading that it is "Against Brightline Trains Florida LLC and Fortress Investment Group LLC," which is not stated for any other of Mr. Brown's eleven claims. *Id.* at 38.

Therefore, I find that Mr. Brown's Complaint is a shotgun pleading. The Complaint does not provide adequate notice to Defendants as to which claims they are defending against because (1) Mr. Brown adopts the allegations of all of the preceding paragraphs, including prior claims, (2) he provides seemingly immaterial

---

[1] Mr. Brown's Complaint is longer than the Magna Carta. *Cunningham v. Hamilton-Ryker Solutions, LLC*, No. 21-cv-00302, 2025 WL 1519917, at *1 (S.D. Tex. May 28, 2005).

[2] *See Allen Armbrister v. Colonial Pipeline Co.*, 820 F.App'x 867, 868-69 (11th Cir. 2020) (per curiam) (finding that the "request to file a 200-page complaint was patently unreasonable given the nature of [the] claims").

information without context to its relevance, and (3) it is unclear which Defendants that Mr. Brown is bringing his claims against. The Motion to Dismiss is GRANTED.

C. *Amending a Complaint*

In his Response, Mr. Brown asks for leave to amend his Complaint, should it be found deficient. ECF No. 14 at 8-9. However, Rule 15 is clear that the proper procedure is to file a *separate* Motion for Leave to Amend and attach the proposed Amended Complaint. Therefore, Mr. Brown's request is **DENIED without prejudice** to him filing a Motion for Leave to Amend. Mr. Brown shall have until May 7, 2026, to file his Motion for Leave to Amend with a proposed Amended Complaint. Failure to do so may result in dismissal of this lawsuit.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 7th day of April 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE