UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-81571-BER

DARREN J. BROWN,

Plaintiff,

v.

BRIGHTLINE TRAINS FLORIDA LLC, *et al*,

Defendants.

_____/

**ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
[ECF No. 30]**

On December 16, 2025, *pro se* Plaintiff Darren Brown sued Brightline Trains Florida LLC ("Brightline") and Fortress Investment Group LLC (together, "Defendants") for actions that occurred during his employment with Brightline. ECF No. 1. The same day, Mr. Brown filed a Motion for Leave to Proceed *in forma pauperis*. ECF No. 3. Mr. Brown's Complaint was dismissed, and he now seeks leave to amend the Complaint. ECF Nos. 29, 30.

Upon review, Mr. Brown's proposed Amended Complaint ("Proposed Complaint") would be subject to dismissal. ECF No. 30. So, granting leave to file the Proposed Complaint would be futile. Accordingly, Mr. Brown's Motion for Leave to Amend is **DENIED** without prejudice. He shall have the opportunity to file an Amended Complaint by May 29, 2026, that cures the deficiencies outlined in this

Order.

## I.    LEGAL PRINCIPLES

### A. *Duty to Screen*

Under 28 U.S.C. § 1915, if a court determines that the case is frivolous or fails to state a claim on which relief may be granted, then the court "shall dismiss the case at any time." 28 U.S.C. § 1915(e). In effect, this statute places a duty to screen complaints from *pro se* plaintiffs who file for *in forma pauperis* status. *See Sweeney v. Broward Cnty. Courthouse*, No. 25-60036, 2025 WL 2263522, at *1-2 (S.D. Fla. July 3, 2025).

### B. *Pleading Standards*

A pleading seeking relief in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this pleading requirement, a complaint must provide the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)). Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted).

C. *Shotgun Pleading*

Complaints that violate Rule 8(a)(2) are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015) (ruling that shotgun pleadings are "altogether unacceptable"). Shotgun pleadings violate Rule 8(a)(2), by "fail[ing] to one degree or another… give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The Eleventh Circuit has identified four types of shotgun pleadings.

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that [is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the [complaint that] assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23.

"'[P]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). Additionally, "a *pro se* plaintiff must be given at least one chance to

amend the complaint before the district court dismisses the action with prejudice" where "a more carefully drafted complaint might state a claim." *Silberman v. Mia. Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (brackets omitted) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1290, 1291 (11th Cir. 2018)). Still, an "'extra dose of grace' is '*not* warranted' if amendment would be futile." *Toussaint v. United States Att'ys Off.*, No. 24-10116, 2025 WL 2237376, at *5 (11th Cir. Aug. 6, 2025) (citing *Silberman*, 927 F.3d at 1133).

### D. *Amendment*

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend a complaint once as a matter of course within certain time constraints. Fed. R. Civ. P. 15(a)(1). After this time has passed, a plaintiff may amend the complaint only with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a)(2). Rule 15 directs that "court[s] should freely give leave [to amend] when justice so requires." *Id.* Leave to amend may be denied in cases evincing undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. *See Maynard v. Bd. of Regents,* 342 F.3d 1281, 1287 (11th Cir. 2003). In considering whether a proposed amendment is futile, the standard "is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *Krome Mining Partners v. United States*, No. 09-20951-CIV, 2009 WL 10700153, at *3 (S.D. Fla. Sept. 2, 2009) (citation omitted). *See also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("denial of leave to amend is justified by futility when the 'complaint as amended is still subject

4

to dismissal'") (citation omitted).

## II.    DISCUSSION

Mr. Brown adopts the allegations of certain preceding counts, but only the facts within the paragraphs that are applicable to the claim. ECF No. 30-1 ¶¶106, 129, 140, 152. For example, the Proposed Complaint says that "Plaintiff re-alleges and incorporates paragraphs 14 and 17-89 *to the extent relevant to this Count*" and "Plaintiff re-alleges and incorporates paragraphs 14-16, 17-89, and 100-105 *to the extent relevant to this Count*." *Id.* ¶¶106, 129 (emphasis added).

The purpose of a complaint is to provide adequate notice to the defendants of the claims and the supporting facts. *Reason v. Carnival Corp.*, No. 22-cv-22868, 2023 U.S. Dist. LEXIS 367, at *8 (S.D. Fla. Jan. 2, 2023) (citing *Weiland*, 792 F.3d at 1321). Accordingly, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Here, Mr. Brown selects certain paragraphs to incorporate into his counts from approximately twenty-one pages of facts in the Proposed Complaint. *See* ECF No. 30. By choosing to incorporate only certain paragraphs from the Proposed Complaint, Mr. Brown implies that the facts in these paragraphs are important and support the count. But, by caveating the incorporation of all the information in the referenced paragraphs, Mr. Brown is requiring Defendants to determine which fact(s) apply to the claims pled. This is improper and does not provide Defendants with adequate

notice of the facts supporting the claims. Thus, the Proposed Complaint is a shotgun pleading.

As a result, Mr. Brown's Motion is DENIED without prejudice. He has until May 29, 2026, to file an Amended Complaint.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of May 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

6