UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-81571-BER

DARREN J. BROWN,

Plaintiff,

v.

BRIGHTLINE TRAINS FLORIDA LLC, *et al*,

Defendants.

_____/

## ORDER ON MOTION TO COMPEL [ECF No. 38]

*Pro se* Plaintiff Darren Brown filed a Motion to Compel Complete Rule 26(a)(1)(A)(iv) Insurance Disclosures ("Motion"). ECF No. 38. The Motion is DENIED. Mr. Brown did not properly confer with Brightline Trains Florida LLC and Fortress Investment Group LLC (together, "Defendants") in accordance with my Standing Discovery Order.

In the Motion, Mr. Brown provides a Local Rule 7.1 and Local Rule 26.1(g) Good-Faith Certification. *Id.* at 4-5. The certification says that Mr. Brown contacted counsel for Defendants "through multiple written communications, including emails" on multiple occasions and "Defendants did not resolve the issue." *Id.* at ¶¶19-24.

For discovery disputes, my Standing Discovery Order explains that the parties "must actually speak to one another (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before

seeking Court intervention." ECF No. 24 at 12. Any written communication, including email communication, will not suffice. Should the parties be unable to resolve the dispute, the moving party "may request a discovery hearing by sending an email" to my chambers. *Id.* Then, I will set the matter for a hearing. *Id.* But, "[n]o discovery motions shall be filed . . . [i]f the dispute is not resolved at the discovery hearing, the Court will consider authorizing the filing of an appropriate discovery motion." *Id.*

I remind Mr. Brown to follow the procedures outlined in my Standing Discovery Order during the pendency of the litigation. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* [ ] litigant is in court, he is subject to the relevant law and rules of the court"). I also remind defense counsel of their obligation to respond to Mr. Brown. The parties are ORDERED to confer in person or by telephonic conference by **June 19, 2026**. If the parties are unable to reach an agreement after proper conferral, Mr. Brown may contact my chambers in accordance with the procedures in my Standing Discovery Order (ECF No. 24) to request a hearing.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 4th day of June 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE