# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

DARREN J. BROWN, JR.,

                                     Case No.: 9:25-cv-81571-BER

      Plaintiff,

v.

BRIGHTLINE TRAINS FLORIDA LLC, and
FORTRESS INVESTMENT GROUP, LLC

      Defendants.

_____/

## DEFENDANT, BRIGHTLINE TRAINS FLORIDA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, Brightline Trains Florida, LLC, ("Brightline") by and through its undersigned attorneys, answers Plaintiff's Amended Complaint as follows:

1.      Admitted for jurisdictional purposes only.

2.      Admitted for jurisdictional purposes only.

3.      Denied.

4.      Admitted.

5.      Denied.

6.      Denied.

7.      Denied as phrased.

1

8.      Denied as phrased.

9.      Admitted as to Brightline Holdings LLC otherwise denied.

10.     Admitted for venue purposes only.

11.     Admitted for jurisdictional purposes only.

12.     Without knowledge.

13.     Admitted.

14.     Denied.

15.     Denied.

16.     Admitted depending what is meant by the Brightline "enterprise".

17.     Admitted.

18.     Admitted that a small percentage of individuals and motorists violated Florida law and fouled the railroad tracks upon which Brightline passenger trains operated.

19.     Without knowledge regarding what is meant by "repeated pattern".

20.     Admitted.

21.     Denied as phrased.

22.     Denied as phrased.

23.     Admitted.

24.     Denied.

25.     Denied as phrased.

26.     Denied as phrased.

27.     Denied.

28.     Denied.

29.     Denied based upon the reference to "procedures".

30 - 37.        Denied.

38.     Without knowledge.

39.     Admitted.

40.     Denied as phrased.

41.     Denied.

42.     Admitted.

43.     Admitted.

44.     Denied as phrased.

45.     Without knowledge.

46.     Without knowledge.

47.     Without knowledge.

48.     Without knowledge.

49. – 60.       Without knowledge.

61.     Admitted.

62.     Denied as phrased.

63.     Admitted that Brightline was required to comply with applicable

Federal Railroad Administration regulations.

64.     Without knowledge as phrased.

65.     Admitted.

66.     Denied.

67.     Denied.

68.     Admitted.

69.     Admitted that pedestrian/motor vehicle accidents are an inherent

operational risk for a passenger railroad.

70.     Denied as phrased.

71.     Admitted.

72.     Denied as phrased.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied as phrased.

78.     Denied as phrased.

79.     Denied as phrased.

80.     Denied.

81.     Denied as phrased.

82.     Denied as phrased.  Admitted that fatalities have occurred involving Brightline passenger trains.

83. – 94.     Denied.

95.     Admitted.

96.     Without knowledge.

97.     Denied.

98.     Without knowledge.

99.     Without knowledge.  Brightline's records indicate that FMLA leave was approved on or about November 10, 2023.

100.   Without knowledge.

101.   Without knowledge.

102.   Without knowledge.

103.   Denied as phrased.

104. - 108   Denied.

109.   Denied as phrased.

110.   Admitted.

111.   Admitted as phrased but denied that Fortress Investment Group, LLC controlled or supervised the day-to-day activities of Plaintiff or had any legal liability for his FELA or FMLA claims.

112.   Admitted as of the date of the referenced materials.

113.   Admitted as of the date of the referenced materials.

114.   Denied.

115.   Admitted.

116.   Admitted as phrased but denied that Fortress Investment Group, LLC controlled or supervised the day-to-day activities of Plaintiff or had any legal liability for his FELA or FMLA claims.

117.   Denied.

118.   Denied.

119.   Denied as phrased.

120.   Denied as to any suggestion that Fortress Investment Group, LLC controlled or supervised the day-to-day activities of Plaintiff or had any legal liability for his FELA or FMLA claims.

121.   Denied as phrased.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Brightline repeats and realleges each and every response to the adopted paragraphs.

126. – 149.   Denied.

150. – 164.   These allegations are made against Fortress and no response is required by Brightline.

165. – 203.   Denied.

204.   No response is required by Brightline.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages which he claims to have suffered.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's allegations are preempted and/or precluded, in whole or in part, by the regulations promulgated pursuant to the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §20106.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's exclusive remedies, if any, are under Florida Statutes, Chapter 440 as Brightline maintained proper Florida workers' compensation coverage.

## CERTIFICATE OF SERVICE

I hereby certify that on this day, the undersigned counsel served a true and correct copy of the foregoing Answer and Affirmative Defenses upon counsel for Plaintiff by email and by Statutory Electronic Filing as follows:

Darren J. Brown, Jr.
931 Village Blvd, Suite 905-438
West Palm Beach, FL 33409
DarrenBrown@advantagefc.com
(708) 705-3214

This 12th day of June, 2026.

s/ Eric Leach
Eric L. Leach, Esq.