**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**


DARREN J. BROWN, JR.,

                                      Case No.: 9:25-cv-81571-BER

         Plaintiff,

v.

BRIGHTLINE TRAINS FLORIDA LLC, and
FORTRESS INVESTMENT GROUP, LLC

         Defendants.

_____/


**DEFENDANT, FORTRESS INVESTMENT GROUP, LLC'S S MOTION**
**TO DISMISS AMENDED COMPLAINT**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Fortress Investment Group LLC ("Fortress"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), moves to dismiss this action as Plaintiff has failed to state a claim upon which relief may be granted against Fortress under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.* The grounds upon which this Motion is based and the substantial matters of law to be argued are as follows:

1

1.      Plaintiff, Darren Brown alleged in the Amended Complaint that he was an employee of co-defendant, Brightline Trains Florida, LLC within the meaning of the FELA.  (See Doc. 37, ¶¶ Paragraphs 12 and 17)

2.      Plaintiff has alleged that Fortress, a non-railroad investment company, is subject to liability under FELA based upon alleged "enterprise level financial and governance control over capital allocation, staffing resources, safety-related expenditures, management structures, flow-of-funds restrictions and risk management systems that shaped the working conditions under which Plaintiff performed his duties".  (See Doc. 37 at Paragraph 151)

3.      There are no allegations that Fortress was a common carrier by rail engaged in interstate commerce or employed Plaintiff within the meaning of the FELA.

4.      Accordingly, Plaintiff's Amended Complaint against Fortress should be dismissed.

## MEMORANDUM OF LAW

**There are no allegations that Fortress was a Common Carrier by Railroad Engaged in Interstate Commerce**

Under the FELA,

**Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and**

> **any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations,** shall be liable in damages to any person suffering injury while he is **employed by such carrier** in such commerce . . .

45 U.S.C. §51 (emphasis added).

Enacted in 1908, the FELA provides the exclusive source of recovery for employees of interstate railroads injured or killed during the course of their employment. *Sinkler v. Missouri Pacific R.R. Co.*, 356 U.S. 326, 329-30 (1958) (internal citations omitted).[1]

For Plaintiff to establish a FELA violation claim, Plaintiff must show that: (1) Fortress is a common carrier by railroad engaged in interstate commerce; (2) Plaintiff was employed by Fortress with duties furthering such interstate commerce; (3) Plaintiff's injuries were sustained while he was so employed; and (4) the injuries were the result of Fortress' negligence.

There are no allegations in the Amended Complaint alleging that Fortress was a common carrier by railroad engaged in interstate commerce or was Plaintiff's railroad employer.  Instead, Plaintiff has alleged that Fortress was an

---

[1] Defendants contend that Plaintiff was not employed by a common carrier by railroad engaged in interstate commerce, but instead was an employee of an intra-state, intercity passenger railroad.  Defendants will raise this issue by summary judgment, if necessary so the Court can address the issue on a full record.

3

investment company that exercised alleged enterprise level influence over certain affiliates of Brightline.  (See Doc. 37, Paragraph 15)

The burden of proving employee status in cases brought under the FELA is on the plaintiff. *Turpin v. Chi., Burlington & Quincy R.R.*, 403 S.W.2d 233 (Mo. 1966). The seminal case construing the "while employed" clause of the FELA is *Kelley v. Southern Pacific Co.*, 419 U.S.  318, 42 L. Ed. 2d 498, 95 S. Ct. 472 (1974).  It is important to note that in *Kelley* and its progeny cases the plaintiffs were employees of non-railroad entities claiming that railroads controlled or supervised their activities thus creating an employment relationship with the operating railroad under FELA.  In this case, Plaintiff is attempting to prove the opposite proposition - - i.e. that a non-railroad, Fortress was exercising some level of "influence" over companies affiliated with a passenger railroad.

The Court in *Kelley* first noted that the FELA's "while employed" language requires a finding not just of an agency relationship, but of a master-servant relationship between the rail carrier and the FELA plaintiff, *Id.* at 323 ("From the beginning the standard has been proof of a master-servant relationship between the plaintiff and the defendant railroad."). The Court then addressed three methods by which a non-railroad employee can establish his "employment" with a rail carrier for FELA purposes even while he is nominally employed by another

entity.  These include under the borrowed servant doctrine, simultaneous service for the railroad and non-railroad or as a subservant of a company that was in turn a servant of the railroad.  419 U.S. at 324.  The Court ultimately concluded that the test of employment is the established test in workers' compensation cases. It is whether the railroad has control of the employee or the right to control the employee. The law does not require that the railroad have full supervisory control. It requires only that the railroad, through its employees, plays "a significant supervisory role" as to the work of the injured employee."  419 U.S. at 327.

If Plaintiff was attempting to prove that he was an employee of a railroad instead of a non-railroad, the ultimate issue would be whether the railroad supervised and maintained control over the individual's job activities, not whether there was a reasonable subjective belief by the individual that he was an employee of the railroad. *Brankin v. CSX Transportation, Inc.*, 1996 WL 627625 (N.D. Ill. 1996). *See also*, *Griffin v. CSX Transportation Inc.*, 1996 WL 535085 (N.D. Ill. 1996) (issue is whether the railroad exercised significant supervisory control over the injured plaintiff's job activities, not uniforms, benefits, or taxes); *Carey v. CSX Transportation, Inc.*, 1995 WL 251145 (D. Md. 1995) (evidence

that day-to-day activities are controlled by the railroad is necessary to establish an employment relationship under *Kelley*).

Although it is legally irrelevant to the question of whether Plaintiff was employed by a railroad engaged in interstate commerce, Plaintiff has not plead that he was even a common law employee of the non-railroad, Fortress within the meaning of the FELA. There are no allegations that Fortress directly controlled Plaintiff's work activities or had the right to directly control him, in the day-to-day performance of his work. *Bailey v. Missouri-Kansas-Texas R.R.*, 732 S.W.2d 248 (Mo. Ct. App. 1987).

In *Morris v. Gulf Coast Rail Group, Inc.*, 829 F. Supp. 2d 418 (E.D. La. 2010), the railroad hired an independent contractor to remove and replace rail, railroad ties, and switches at one of its yards. The contract between the railroad and independent contractor included language allowing the railroad to inspect the quality of the work and request the firing of incompetent or disorderly employees. *Id.* at 421. The Court held "[t]he mere fact that a railroad reserves the right to assure performance in accordance with the specifications of the contract does not render a contractor a railroad employee." *Id.* at 425. Allegations by the plaintiff that the railroad's chief engineer was "over everything" demonstrated his subjective belief about railroad control, but did not defeat summary judgment

6

because the contractor supervised the day-to-day operation of the project and railroad employees did not instruct him on how to perform his job. *Id.* at 425-26.

In *Dominics v. Illinois Central Railroad Company*, 934 F. Supp. 223 (S.D. Miss. 1996), the plaintiff was a mechanic, employed by an independent contractor working for the railroad, contracted to perform track grinding services. At the time of his injury, the plaintiff was removing a grinding motor from the railroad for repair. *Id.* at 224. The independent contractor, Pandrol Jackson, paid the plaintiff, was in charge of his hiring or firing, transported him to the job site, and owned and supplied all of the equipment and materials used by him for his work. *Id.* at 225. The railroad provided the plaintiff's crew with a pilot to ensure their safety and a rail supervisor to make sure that sparks from the grinding did not start a fire. *Id.* at 226-27. The Court held the railroad's participation was merely the kind of cooperation necessary to allow Pandrol Jackson to perform its contract with the railroad *Id.* at 227. The Court held, despite the plaintiff's argument that Pandrol Jackson did not "make a move" unless told to do so by the railroad, that the railroad was not in control of the plaintiff to make him an employee of the railroad under the FELA. *Id.*

Here, Plaintiff has alleged that he was employed by Brightline, the passenger railroad that controlled his day to day activities.  It is undisputed that

7

Plaintiff has failed to plead any allegations that Fortress was a common carrier by railroad engaged in interstate commerce or that Plaintiff was an employee of Fortress within the meaning of the FELA.

**Conclusion**

For the foregoing reasons, Fortress respectfully requests that this Court grant the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

This 12th day of June, 2026.

Respectfully submitted,

MILTON, LEACH, WHITMAN, D'ANDREA, ESLINGER, COLLINS & CLOSE, P.A.

*s/ Eric L. Leach*
Eric L. Leach
Florida Bar No. 745480
eleach@miltonleach.com
C. Ryan Eslinger
Florida Bar No. 634859
reslinger@miltonleach.com
3127 Atlantic Blvd.
Jacksonville, FL 32207
Telephone: (904) 346-3800
Counsel for Brightline Trains Florida LLC and Fortress Investment Group, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this day, the undersigned counsel served a true and correct copy of the foregoing Motion to Dismiss upon counsel for Plaintiff by email and by Statutory Electronic Filing as follows:

Darren J. Brown, Jr.
931 Village Blvd, Suite 905-438
West Palm Beach, FL 33409
DarrenBrown@advantagefc.com
(708) 705-3214

This 12th day of June, 2026.

                                    s/ Eric Leach
                                    Eric L. Leach, Esq.