UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-81571-BER

DARREN J. BROWN,

Plaintiff,

v.

BRIGHTLINE TRAINS FLORIDA LLC,

Defendants.

_____________________________________/

**ORDER ON MOTION TO DISMISS [ECF No. 41]**

*Pro se* Plaintiff Darren J. Brown filed an Amended Complaint against Defendants Fortress Investment Group ("Fortress") and Brightline Trains Florida LLC ("Brightline"). ECF No. 37. Fortress moved to dismiss Count II of the Amended Complaint ("Motion"). *Id.* at 26-28; ECF No. 41. Mr. Brown responded ("Response") and filed a Notice of Supplemental Authority ("Notice"). ECF Nos. 42, 43. Fortress responded to Mr. Brown's Notice. ECF No. 44.

I have reviewed the Amended Complaint, the Motion, the Notice, the Response, and the Response to the Notice.[1] ECF Nos. 41, 42, 43, 44. This matter is ripe for decision. For the reasons stated below, the Motion is **GRANTED.**

[1] "A court's review on a motion to dismiss is 'limited to the four corners of the complaint.' A court may consider only the complaint itself, and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee*

## I. LEGAL STANDARDS

### A. *Local Rule 7.1*

Local Rule 7.1(c)(2) limits the maximum length of a responsive party's filing to twenty pages and any reply pleading to ten pages:

> Absent prior permission of the Court, neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed twenty (20) pages; a reply memorandum shall not exceed ten (10) pages. As long as no substantive part of the submission appears on the same page(s), the following items do not count toward page limitations for purposes of this rule and any other rules or orders setting forth page limitations: title pages preceding the first page of text, tables of contents, tables of citations, "request for hearing" sections, signature pages, certificates of good faith conferences, and certificates of service.

S.D. Fla. L.R. 7.1(c)(2).

When a party does not comply with Local Rule 7.1, the court has remedies, such as striking the pleading, dismissing the case, or ordering a compliant pleading be filed. *See Pecora v. Prime Sec. All., Inc.*, No. 20-cv-24478, 2022 U.S. Dist. LEXIS 240670, at *12 (S.D. Fla. Mar. 3, 2022); *Cohn v. Jones*, No. 18-CIV-60807, 2018 U.S. Dist. LEXIS 75863, at *3-4 (S.D. Fla. May 2, 2018), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 92643 (S.D. Fla. May 30, 2018); *Witten v. United States*, No. 17-CIV-10097, 2018 U.S. Dist. LEXIS 229412, at *4-5 (S.D. Fla. Aug. 22, 2018).

### B. *Discovery Procedures*

On March 9, 2026, I entered my Standing Discovery Order ("Discovery Order").

---

*Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (internal citations omitted). Accordingly, the Notice and the Response to the Notice will not be considered.

ECF No. 24. In the Discovery Order, I explain that the parties are required to speak "in person or via telephone" about a discovery dispute "and engage in reasonable compromise in a genuine effort to resolve their discovery dispute *before seeking Court intervention*." *Id.* at 12 (emphasis added). Should the parties not be able to reach agreement, I will "set the matter for a hearing." *Id.* To request a hearing, the parties are required to email chambers and provide their availability. *Id.* Notably, "No discovery motions shall be filed until after the parties have engaged in this process." *Id.*

C. *Motion to Dismiss*

A civil complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this pleading requirement, a complaint must provide the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. According to the federal rules, a claimant must only state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pled factual allegations in the complaint, as well as all attachments thereto, and evaluates all plausible inferences derived from those facts in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Chaparro v. Carnival Corp.*,

693 F.3d 1333, 1337 (11th Cir. 2012) (per curiam). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a plaintiff need not state in detail the facts upon which he bases his claim, Rule 8(a)(2) "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n. 3.

In other words, a plaintiff's pleading obligation requires "more than labels and conclusions." *Id.* at 555; *see also Pafumi v. Davidson*, No. 05–61679–CIV, 2007 WL 1729969, at *2 (S.D. Fla. June 14, 2007). Nonetheless, "'*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)).

D. *Federal Employers' Liability Act*

The Federal Employers' Liability Act ("FELA") is "a federal statute that imposes liability on railroad common carriers for any employee's injury caused by the carrier's negligence." *Swoope v. CSX Transp., Inc.*, 666 F. App'x 820, 822 (11th Cir. 2016) (per curiam).

Specifically,

> Every *common carrier by railroad* while engaging in commerce between any of the several States or Territories, or . . . any foreign nation or nations, shall be liable in damages to any person suffering injury *while he is employed by such carrier* in such commerce, . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect

> or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51 (emphasis added).

1. Common Carrier

"It is the plaintiff's burden to show that the defendant is a common carrier." *Willard v. Fairfield S. Co.*, 472 F.3d 817, 821 (11th Cir. 2006) (quoting *Mickler v. Nimishillen and Tuscarawas Ry. Co.*, 13 F.3d 184, 189 n.3 (6th Cir. 1993)). "Common carrier by railroad" is a term meaning "one who operates a railroad as a means of carrying for the public, -- that is to say, a railroad company acting as a common carrier." *Edwards v. Pac. Fruit Express Co.*, 390 U.S. 538, 540 (1968) (quoting *Wells Fargo & Co. v. Taylor*, 254 U.S. 175, 187-88 (1920)).

> More recently, courts have noted that a common carrier is "one who holds himself out to the public as engaged in the business of transportation of persons or property from place to place for compensation, offering his services to the public generally. The distinctive characteristic of a common carrier is that he undertakes to carry for all people indifferently, and hence is regarded in some respects as a public serv[a]nt."

*Willard,* 472 F.3d at 821 (alteration in original) (quoting *Kieronski v. Wyandotte Terminal R.R., Co.*, 806 F.2d 107, 108 (6th Cir. 1986)).

Additionally, there are factors to assess whether a party is considered a common carrier:

> The *Lone Star* factors are whether (1) the entity is actually performing rail service; (2) the service being performed is part of the total rail service contracted for by a member of the public; (3) the entity is performing as part of a system of interstate rail transportation by virtue of common ownership between itself and a railroad or by a contractual relationship with a railroad and hence such entity is deemed to be

> holding itself out to the public; and (4) remuneration for the services performed is received in some manner, such as a fixed charge from a railroad or by a percent of the profits, from a railroad.

*Id.* (citing *Lone Star Steel Co. v. McGee*, 380 F.2d 640, 647 (5th Cir. 1967)).

2. Employment under FELA

"From the beginning[,] the standard [to satisfy the 'while employed' portion of the statutory language] has been proof of a master-servant relationship between the plaintiff and the defendant railroad." *Kelley v. S. Pac. Co.*, 419 U.S. 318, 323 (1974). Notably, "an employee [can] be employed by more than one corporation." *DeShong v. Seaboard Coast Line R.R.*, 737 F.2d 1520, 1522 (11th Cir. 1984). "[F]or the purposes of the FELA[,] the question of employment, or master-servant status, was to be determined by reference to common-law principles." *Kelley,* 419 U.S. at 323-24.

Under FELA, there are three ways for a plaintiff to be "employed" with a rail carrier under common law principles: (1) "the employee could be serving as the borrowed servant of the railroad at the time of his injury;" (2) the employee "could be deemed to be acting for two masters simultaneously;" or (3) the employee "could be a subservant of a company that was in turn a servant of the railroad." *Id.* at 324.

E. *Amendment*

Federal Rule of Civil Procedure 15(a)(2) provides a "liberal" standard for granting leave to amend a pleading. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam). Under Rule 15(a)(2), a Court should freely grant leave to amend when justice so requires, but such leave may be denied for reasons such as undue delay, undue prejudice to the non-moving party, or futility of the proposed

amendment. *Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005).

Notwithstanding Rule 15's liberal standard, a deadline in a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)(A), (b)(4). Thus, "[a] post-deadline motion for leave to amend is effectively also a motion to extend the deadline," and so, "Rule 16 is the proper guide for determining whether a party's delay may be excused." *Hayes v. Moon*, No. 16-CV-80365-KAM, 2016 WL 11031743, at *1 (S.D. Fla. Nov. 16, 2016) (quoting *Sosa*, 133 F.3d at 1418 n.2).

Rule 16's "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Donahay v. Palm Beach Tours &Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007). If the court finds that the party seeking leave to amend lacked due diligence, then the good cause inquiry ends with a denial of the motion. *Sosa*, 133 F.3d at 1419. Because the good cause standard is "more stringent" than the Rule 15(a)(2) standard, "the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Donahay*, 243 F.R.D. at 699.

## II. ANALYSIS

### A. *Compliance with Court Orders*

I entered an Order on Instructions to *Pro Se* Parties ("Instruction Order"). ECF No. 8. The Instruction Order stated that "[t]he *pro se* Plaintiff is instructed that *pro se* parties are required to review and comply with Local Rule 7.1." *Id.* ¶13.

Here, Mr. Brown's Response is 130 pages, consisting of 106 pages of exhibits and 24 pages of argument. ECF Nos. 42, 42-1. Few of these pages are exemptions to Local Rule 7.1(c). Mr. Brown says his Response is appropriate because "[a] 20-page opposition cannot attach or discuss every supporting document in full" to oppose Fortress's nine-page Motion. ECF No. 42 ¶90. However, Mr. Brown cannot decide that the Southern District of Florida's Local Rules do not apply to him. Instead, Mr. Brown should have: (1) filed a motion seeking leave, (2) waited for the Court's ruling, and (3) filed his lengthy Response, should his request be granted. Moreover, the Court generally cannot consider extrinsic evidence in deciding a motion to dismiss under Rule 12(b)(6), so Mr. Brown's exhibits are irrelevant to the issues presented. *See supra* note 1.

Despite Mr. Brown's non-compliance with Court rules, at this time, I will exercise my discretion not to strike or otherwise limit my consideration of Mr. Brown's Response based on his violation of Local Rule 7.1. However, I remind Mr. Brown to follow all Southern District of Florida Local Rules, including Local Rule 7.1, in his future filings. Continued failure to comply with the Local Rules for the Southern District of Florida may result in adverse action.

B. *Failure to State A Claim*

Fortress argues the Amended Complaint fails to plead that (1) Fortress was a common carrier engaged in interstate commerce and (2) Fortress was Mr. Brown's employer under FELA. ECF No. 41. Mr. Brown responds that the exhibits attached to his Response "show[ ] a documented enterprise structure" that supports Fortress being deemed a common carrier. ECF No. 42 at 5-6. Further, he says the Amended Complaint alleges more than "passive ownership," thereby plausibly alleging that Fortress employed Mr. Brown. ECF No. 42. Mr. Brown also refutes that the issue is jurisdictional and attaches exhibits to support his argument. *Id.* As well, he seeks leave to amend should the Amended Complaint be found deficient. *Id.*

Here, the Amended Complaint does not plead that Fortress is a common carrier by railroad. *See* ECF No. 37 at 1-2; *compare id.* ¶¶3, 14 (pleading Brightline is a common carrier by railroad), *with id.* ¶15 (pleading Fortress is an "investment management firm"). At best, the Amended Complaint says Fortress "exercised ownership, governance, financial oversight, and operational influence" over Brightline; Brightline "was structurally dependent on parent-level financing, subsidiary distributions, equity events, and liquidity decisions;" and "financing documents reveal a centralized enterprise structure through which Fortress-managed funds, [and] Fortress-affiliated entities . . . controlled or materially influenced management structure, resource allocation, and funding decisions affecting rail operations." *Id.* ¶¶15, 117, 120. But, even taking all inferences in the light most favorable to Mr. Brown, the Amended Complaint does not plausibly plead

that Fortress is a common carrier by railroad. As a result, the Motion is GRANTED on this ground and Count II is dismissed.[2]

C. *Amendment*

In the alternative, Mr. Brown seeks leave to amend should Count II be dismissed. ECF No. 42. That request is DENIED.

First, under the Court's Scheduling Order, the last day for Mr. Brown to file a Second Amended Complaint was April 15, 2026. ECF No. 25. The Motion was filed on June 12, 2026. ECF No. 41. Mr. Brown has not shown good cause to amend the Scheduling Order at this stage of the case. Fed. R. Civ. P. 16(b). Therefore, his request to file a Second Amended Complaint is DENIED.

Second, even considering the voluminous attachments to the Response and the Supplemental Notice in the light most favorable to Mr. Brown, the facts do not plausibly show that Fortress was a common carrier engaged in interstate commerce. It therefore would be futile to allow further amendment. Leave to amend is DENIED on this alternative ground.

---

[2] Because Count II must be dismissed for other reasons, I need not address Fortress' argument that the Amended Complaint fails to plead an employment relationship. Also, Fortress makes a passing argument that this Court lacks subject matter jurisdiction. ECF No. 41 at 1. For the reasons stated in my previous Order, Fortress's argument implicates whether Mr. Brown has stated a claim upon which relief can be granted, not whether this Court has subject matter jurisdiction. ECF No. 29 at 6-7. And, because subject matter jurisdiction is not at issue, Mr. Brown's request for jurisdictional discovery is denied. ECF No. 42 ¶¶15, 62.

WHEREFORE, Fortress' Motion to Dismiss is GRANTED and Count II is DISMISSED WITH PREJUDICE.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, on August 25, 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE