**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:25-cv-81571-BER**

DARREN J. BROWN, JR.,

Plaintiff,

v.

BRIGHTLINE TRAINS FLORIDA LLC,

Defendant.

_______________________________________/

# JOINT DISCOVERY MEMORANDUM

Plaintiff's Proposed Contribution

Submitted pursuant to ECF No. 24, § IV.B.
For conferral; not jointly approved or filed.

**Relief requested.** Within 14 days after the order or another fixed date, require numbered sworn corporate answers, counsel-signed RFP supplements and usable nonprivileged records within Brightline's possession, custody or control. No merits or sanctions ruling is sought.

Company answers must include reasonably available information, not just recollection. Rules 30(b)(6), 33(b)(1)(B).

**ECF 24 § III.D:** "For an Interrogatory, stating both an objection and an answer waives the objection."

**1. Incident list — No. 6.** Couto's fourteen-incident list omits April 12, 2019; BSO identifies Brown on BLF604. (A:5; E:22:13–18, 33:16–17; G:DBP000038.)

Defendant's Response: Defendant has properly responded to Plaintiff's discovery requests, including the accident paperwork from the April 12, 2019 incident. Plaintiff had this discovery at the time of the corporate representative deposition.

**Order requested:** Complete No. 6's incident facts, reconcile April 12 and identify sources; or satisfy Rule 33(d). A corrected total alone is insufficient.

**2. Duties and protection — Nos. 7–8, 11; RFPs 3, 9, 12.** Couto said conductors are sometimes "required to walk back" but lacked exposure-training details. Brown's CPR certificate is unlocated. (E:11:18–22, 36:2–8.)

**Order requested:** For Conrad (November 23, 2018) and February 16, 2022 separately, give Brown's tasks, route/location, hazard distances, train speed/stopping point, safeguards and basis for denying immediate physical danger. Produce rules, incident records and Brown's exposure, CPR, first-aid and AED training, certificates, course content and care instructions. Distinguish training, permitted/required care, passengers/collision casualties and train cleaning/Brown's protection and decontamination. The alleged post-impact hazards are distinct from collision fault. (R:¶¶28, 31, 35.)

Defendant's Response: Brightline's corporate representative testified fully and completely regarding this topic area based upon available information.

**3. CISP and implementation — RFPs 9, 3, 16.** Leach's June 19, 2026 response promised the employment-period plan within fourteen days. July 24 he would check. August 25 he supplied 2017 and would try to obtain repaired 2022. Couto identified both and believed the checklist was sent. (B:5; K–L; E:22:19–24:20.)

**Order requested:** Produce the readable February 4, 2022 plan, forms/effective-date records, December 6, 2018 checklist, timestamps, Health Advocate transmission and responsive Passenger Desk/manager communications. Tour-relief offers differ from prompt site removal for documentation as practicable upon manager arrival. Credit production; create no historical forms. (I:4, 6.)

Defendant's Response: 2/4/22 CISP plan produced. Brightline has also produced the non-privileged documents regarding the accidents alleged in the Amended Complaint.

**4. FMLA and return conditions — Nos. 18, 20–21.** No. 18 says "none"; No. 20 only objects. Pinos-Chin needed original codes; her available records showed no points for September 27–October 3, 2023. Brown's December 5 final-notice account is not a company admission. (A:11–12; F:12:1–14; M-2:DBP000083–84.)

**Order requested:** No. 18: Explain "none"; date notice/designation, original/changed codes and pay/PTO/unpaid treatment and November 10 approval basis. No. 20: Give compliance facts, policies, witnesses and records. No. 21: Give hold dates, decisionmakers, pay/employment effects, findings and proposed/oral/issued return conditions; distinguish proven violation, pending investigation and preventive concern. Identify sources. Medical support is not leave approval; not locating an issued written warning does not resolve a proposed or oral condition. (M-3:DBP000127; F:8:16–18.)

Defendant's Response: Although the number of Interrogatories, including subparts substantially exceeded the permissible limit and Brightline does not have a "timeline", , Defendant will amend its response with the information provided by its corporate deponent, Sandy Pinos-Chin.

**5. Conrad and recordings — Nos. 7, 9–10, 24; RFPs 3, 6–8, 10.** Couto could not confirm warnings. The preliminary examiner report describes personnel leaving tracks, not Brown's location. Brown reports being on track at authorization, not passage. (E:20:17–21:5; N:2.)

**Order requested:** Identify Brown's known tasks/locations at authorization and approach; second train/lead locomotive, authorizer, instruction, time, clearance basis, warnings and protection rule. Separate facts from customary practice. Produce its outward approach/passage video and available timestamps, release/warning dispatch/radio/telephone recordings and ordinary incident records—not merely first-train footage. Identify promised RFP 8 data by incident; check incident/recorder folders and the separate August 9, 2022 outward video. Produce RFP 10 retention policies and effective dates. Limit No. 24 to these systems, custodians, retention, known loss/transfer dates/circumstances and preservation responsibility. No survival or improper loss is presumed. (B–C:3–5; A:14–15; E:34:10–16, 37:1–12.)

Defendant's Response: Plaintiff's Interrogatories substantially exceed the number permitted by the discovery rules. Defendant's counsel requested that Plaintiff limit the number of Interrogatories and the request was denied. Defendant produced all of the non-privileged documents in its possession regarding the Conrad incident.

**6. Alere and mitigation — Alere RFPs 1–5, 7–9; No. 22.** The June 19 responses promise 2023 terms/Brown communications. Access accounts differ; Gonzalez cited capacity. (D:1–3; O–P.)

**Order requested:** Complete promised 2023 production. Under No. 22, give sources and address the January 14, 2024 plan and March 24, 2026 resumption request; correct/qualify as warranted. The plan date does not establish a session. (T:3, held separately.) Resolve later-period objections for January-change writings and business communications, October 2025–April 2026, including Brown's access. Motive/application remain unproved; two years from December 1, 2023 does not establish a 2026 bar.

Defendant's Response: Defendant has produced the operative agreement for the time period of Plaintiff's employment. Defendant has properly responded to Plaintiff's Interrogatories regarding this issue.

**7. Relief versus continued work — Nos. 7, 12, 17; RFPs 3, 9.** Couto inferred no request from continued work, qualified his denial "to my knowledge," and cited narratives and a later checklist. (E:26:25–28:20, 40:10–25.)

**Order requested:** For December 6/13, 2018 and December 20, 2019, give Brown's offers/requests, responses, continued-work instructions, agreed endpoints, train relief, further duties and scheduled/actual off-duty times. Identify contemporaneous records or reliance on practice/movement; mark unknowns. Clarify No. 17's disclaimed staffing contention against White's April 3, 2022 manpower message: next-day leave, not collision relief. (A:10–11; M-1:DBP000048–49.)

Defendant properly responded to Plaintiff's discovery requests. Plaintiff is referring to a 2021 or 2022 request for a personal or PTO day off that is not part of his FMLA claim.

**8. Status, control and FRSA — Nos. 1–5, 23.** No. 1 relies on Lefevre's affidavit; credit existing entity answers and the BLH denial; No. 5 gives a title and No. 23 only objects. (A:3–5, 13–14.)

**Order requested:** Complete: (1) FELA/commerce/urban-transit/workers' compensation positions, facts, witnesses and operational/regulatory/funding sources; (2) entity by employment function; (3) supervisors/dispatcher groups, employers, reporting chains and authority; (4) Brightline Management's Brown-related system roles; (5) agreement/authority-document titles, dates, parties, functions, custodians, Bates if produced or status. Production needs an applicable RFP. No. 23, FRSA paragraph only: identify each preempted/precluded allegation, principal statute/regulation/order/rule/standard, supporting facts, witnesses and nonprivileged records.

**Common rulings.** Apply ECF 24 § III.D to Nos. 7–8, 12, 17–18, 21–22 except clearly separable, specifically objected portions. Resolve numerical objections to Nos. 9–11, 20, narrowed 23–24 or grant limited Rule 33(a)(1) leave. Strike nonspecific/overrule unsupported narrowed objections (§§ III.A–D). Identify production by file/Bates/page. Rule 33(d): specific records, substantially the same burden, inspection. Distinguish produced, withheld, not found, known never created, known lost and pending collection/repair. For demonstrated gaps, give custodians/repositories searched, dates, known loss/recovery facts and remaining work/completion dates. Not found is not never created; pending work extends no deadline. State withholding/privilege grounds; complete nonobjected portions, supplement and serve completion notice. Rules 26(e), 26(g), 34(b)(2)(C), 37(a)(4). Exclude other employees' training and other patients' clinical files. Added relief requires conferral and timing/scheduling rulings.

Defendant's Response: Defendant has properly responded to Plaintiff's discovery requests.

Respectfully submitted this 17th day of September, 2026.

**/s/Darren J. Brown, Jr.**
Darren J. Brown, Jr.
931 Village Blvd., Suite 905-438
West Palm Beach, FL 33409
DarrenBrown@advantagefc.com
Phone: (708) 705-3214
Plaintiff

**/s/Eric L. Leach**
Eric L. Leach
Milton, Leach, Whitman, D'Andrea,
Eslinger, Collins & Close, P.A.
3127 Atlantic Blvd.
Jacksonville, FL 32207
Phone: (904) 346-3800
Fax: (904) 346-3692
eleach@miltonleach.com
Counsel for Defendants